CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| HOWARD BAILEY, | ) | Civil Action No. 7:05-cv000272 |
| Petitioner | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. James C. Turk |
| WARDEN J.D. TERRY, | ) | Senior United States District Judge |
| Respondent | ) | |
| | ) | |

Petitioner Howard Bailey, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner Bailey challenges his April 28, 2004 disciplinary hearing, alleging that he was deprived of liberty interests without due process. He challenges his subsequent move to a higher Earned Sentence Credit (ESC) level, alleging that it creates an unconstitutional increase in his sentence length. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases.

I.

Bailey's claims arise from the following alleged events. During a May 30, 2003 medical exam at Mecklenburg Correctional Center, Bailey expressed an interest in therapy for his drug and alcohol problem. In December 2003, Central Classification Services (CCS) of the Virginia Department of Corrections (VDOC) assigned Bailey to its mandatory Substance Abuse Therapeutic Community (SATC.) because of his past history of drug and alcohol use as well as his expressed interest in a therapeutic program. On January 9, 2004, Bailey arrived at Botetourt Correctional Center in order to attend the SATC. program. On February 11, 2004, Bailey received a disciplinary charge for refusal to participate in the mandatory SATC. program. When advised of his rights, Bailey did not request witnesses, waived his right to preparation prior to the Institutional Classification Authority (ICA) hearing, and voluntarily accepted the penalty of 7

1

days in isolation. On February 12, 2004, Bailey signed an ICA Hearing Form in which he refused to participate in the SATC program. On February 25, 2004, Bailey appealed the disciplinary charge based on the provision that an ICA hearing is required for assignment into the SATC program with the claim that he did not receive such a hearing. His appeal was granted and the charge was overturned. On April 9, 2004, Bailey was served notice for review in an ICA hearing for his refusal to participate in the SATC program. On April 28, 2004, an ICA hearing was held. At the hearing, it was decided to override Bailey's ESC level based on his refusal to participate in the mandatory SATC program. Under Va. Code §53.1-201, Bailey is eligible to receive 30 days ESC's for each 30 days that he serves with good behavior. On June 14, 2004, Bailey was reviewed by the ICA. Under his new ESC level, Bailey went from earning 4.5 days of credit for every 30 days served with good behavior to 0 days of credit for every 30 days served. This change in ESC level changed Bailey's projected release date, though no time that he had already earned was taken from him. Bailey filed a petition for habeas corpus to the Supreme Court of Virginia. On January 24, 2005, that petition was dismissed as "frivolous."

In his present petition, Bailey alleges that he was denied due process when he did not receive an ICA hearing after his refusal to participate in the SATC program. Second, Bailey alleges that his loss of ESC lengthened his sentence by 4.5 months, moving his projected release date from May 25, 2005 to October 11, 2005. He requests restoration of the original ESC level as well as a recalculation of his time served so as to restore his original projected release date of October 11, 2005.[1]

II.

Bailey presented his current claims to the Supreme Court of Virginia in a state habeas corpus petition. The court dismissed that petition on January 24, 2005 as frivolous. Thus, this

---

[1] As Bailey's projected release date of release has passed, the court notes that his petition may well be moot.

court finds that Bailey exhausted the remedies available in the courts of the State as required under 28 U.S.C. §2254(b).

Because the Supreme Court of Virginia addressed Bailey's current claims on the merits, the United States District Court cannot grant federal habeas corpus relief unless it finds that the Supreme Court of Virginia's disposition of the claims was contrary to, or an unreasonable application of, established federal law, or is based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. §2254(d) (1-8). Even a decision from the Supreme Court of Virginia that cites no legal analysis or precedent in support of its disposition is an adjudication on the merits and is entitled to the deference mandated in §2254(d). Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). A federal habeas court reviewing such a state court decision must uphold that decision unless, after conducting independent review, it is clear that the result reached by the state court "contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of facts in light of the evidence presented." Id.

This court finds that Bailey's allegations fail to give rise to any deprivation of due process. In order to create a federally protected liberty interest, a change in prison conditions must increase the duration of confinement or impose atypical hardship. Sandin v. Conner, 515 U.S. 472, 485-86 (1995). Where a change in the prisoner's classification status does not inevitably lengthen the duration of the prisoner's total confinement, the prisoner has no claim to violation of the Due Process Clause, even if that change in status occurred without all the state-created procedural protections. Id. Virginia inmates have no protected state-created liberty interest in remaining in or being assigned to a particular good conduct allowance level. DeBlasio v. Johnson, 128 F. Supp.3d 315, 329 (E.D. Va. 2000).

Bailey alleges that the ESC change lengthened his total sentence by 4.5 months. Bailey's criminal sentence remains unchanged, however. Only Bailey's projected date of release changed from May 25. 2005 to October 11, 2005, a difference of 4.5 months, based on the changed ESC

3

rate. Because prison officials retained statutory discretion to change Bailey's ESC at any time, the one ESC change in June 2004 did not inevitably increase his term of confinement. As such, the change did not trigger federal due process protections, and Bailey has no constitutional claim.

The state of Virginia may require procedural protections before a move to a new security level or a reclassification of ESC may occur. The state's failure to follow its own procedural laws, however, does not present a federal due process issue. <u>Riccio v. County of Fairfax, Va.</u>, 907 F.2d 1459, 1469 (4th Cir. 1990). Therefore, the alleged violations of state procedure at Bailey's ICA hearing does not create a claim for relief under §2254.

In conclusion, the court finds that Bailey's allegations fail to present any claim for relief under §2254. Accordingly, the court cannot find that the Supreme Court of Virginia's disposition of Bailey's claims in state habeas corpus proceedings was unreasonable, and the court must dismiss Bailey's petition under §2254(d). An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may be issued only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within (30) days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 14th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge